**James J. YEAGER, Appellant,**

v.

**PAUL SEMONIN COMPANY and Paul Semonin Associates, Inc., Appellees.**

Court of Appeals of Kentucky.

March 8, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 26, 1985.

William T. Warner, Nold, Mosley, Clare, Hubbard & Townes, Lawrence L. Pedley, Michael W. Lowe, Pedley, Ross & Zielke, Louisville, for appellant.

John R. McCall, Thomas A. Wiseman III, Joseph B. Helm, Phillip A. Brooks, Brown, Todd & Heyburn, Louisville, for appellees.

Before COOPER, McDONALD and WIL-HOIT, JJ.

WILHOIT, Judge.

This is an appeal from an order of the Jefferson Circuit Court dismissing the complaint of the appellant, a dissenting share-

holder, who sought to enjoin the merger of the Paul Semonin Company (PSC), a Kentucky corporation, and Paul Semonin Associates, Inc. (PSA), also a Kentucky corporation, and to recover the original purchase price of the shares owned by him in the PSC plus interest from the date of purchase.

In granting the motion made pursuant to CR 12.02, the court appears to have considered matters outside of the pleading itself, so we shall treat the order as one made pursuant to CR 56. *See* CR 12.02. This case was never certified by the court as a class action under the provisions of CR 23.03, and the record does not disclose any effort to have the court do so beyond the request in the complaint.

The appellant was the owner of 100 of the 698,222 outstanding shares of common stock of the PSC. He had paid $4.00 per share and under the merger plan would receive $1.20 for each share of his stock. The complaint alleged that the plan of merger was unlawful, that it was unfair and inequitable to minority stockholders, and that its whole purpose was to eliminate the appellant and other minority stockholders from any ownership in the PSC.

In the order appealed from, the trial court held that the appellant's exclusive remedy was appraisal and payment for his shares under KRS 271A.405.

■ The first question which confronts us is whether the appraisal remedy provided for in KRS 271A.405 is always the only remedy for a dissenting stockholder in the case of a merger. The appellees maintain that such was the legislative intent behind this statute. We can agree that this appears to be what the Legislature intended as the general rule, but it does not appear to us as likely that it intended dissenting stockholders to be so limited where a merger was being effected in contravention of law, or where some species of fraud was being worked upon the dissenters. This would be a signal departure from the customary public policy where illegal or fraudulent acts are involved. *See, e.g., Security Trust Co. v. Dabney,* Ky., 372 S.W.2d 401

(1963). In the absence of a more specific expression of legislative policy to the contrary, we do not construe a legislative purpose to deny judicial relief in a merger situation where illegality or fraud are involved. Although not controlling as to our decision in this respect, we might point out that our view somewhat comports with that expressed in the ABA–ALI Model Business Corporation Act, comment to § 80(d) (as amended 1979).

■ The next question before us is whether this record presents issues of illegality or fraud, and genuine issues of material fact as to those issues, which would preclude the trial court's judgment. *See* CR 56.03. The appellant argues that this merger was illegal because it had no business purpose for the corporation itself, but was only for the purpose of "freezing out" the minority, and had the effect of an illegal corporate dissolution as to them inasmuch as they would be ousted from continued participation in corporate affairs while the majority continued to participate. In support of his claim, the appellant cites *Gabhart v. Gabhart,* 267 Ind. 370, 370 N.E.2d 345 (1977), while in opposition the appellees cite *Weinberger v. UOP, Inc.,* 457 A.2d 701 (Del.1983). We find much to commend in these opinions from sister states; however, we believe we should be guided best by what we view the law to be in Kentucky as expressed by our Legislature.

KRS 271A.355 to 271A.385 dealing with the merger of corporations do not limit the purposes for which corporations may be merged, and we have not been referred to any case law from this jurisdiction which proscribes a merger for the purpose of "freezing out" minority shareholders. While this kind of merger might strike one as somewhat unfair, it does so no less than the situation in which a dissenting shareholder is left with the choice of participating in a merged corporation which he knows or believes is inimical to his best interests or accepting the fair value of his shares, a choice which he also knows or believes to be inimical to his best interests. This dissenter is left to choose between two

evils, and if he elects the latter choice, as far as he is concerned, there results a corporate dissolution, although he may not receive as much as he would had there been an actual dissolution, while at the same time he has been "frozen out" of the corporation against his will. If the statutes permit this latter situation to obtain, as they clearly do, we are not in a position to say that they forbid as illegal that which is the moral equivalent.

Our statutes establish the right of a majority to effect a corporate merger even when the interests of the minority may be adversely effected by being "frozen out" or forced to choose between being "frozen out" and continuing in a merged corporation. At the same time, the statutes attempt to protect the interests of a dissenting majority by giving them the right of appraisal. In balancing the competing interests, the Legislature has attempted to come up with a scheme that is reasonable. No doubt, the remedy of appraisal will not always work to the satisfaction of the minority, or even the majority. Still, it presents a generally fair and a reasonable alternative to frequent and protracted litigation, the cost of which minority shareholders would often find prohibitive. Consideration of the future prospects of the merged corporation in appraising the value of a dissenter's shares, to the extent that evidence of those prospects, beyond speculation, is available as of the statutory date for valuation, would do much to enhance the fairness of the appraisal. *See Weinberger v. UOP, Inc., supra.*

The record does not disclose any issue as to fraud. In fact, it was represented to the trial court that the appellant was not claiming "that there was mismanagement or that anything happened that should not have" and that the corporate stock had a market value of "a buck a share or something like that." The real issue was that it was inequitable to "use the shareholder's money when they're loosing [i.e., losing] money and now when the company is about to turn around kick them out on the street."

The judgment of the circuit court is affirmed.

All concur.